SAVOIE, Judge.
Defendant, Henry Carter, appeals his conviction for forcible rape[1] in violation of L.S.A.-R.S. 14:42.1. On appeal, he contends that the trial court erred in failing to grant his motion for a directed verdict of acquittal: (1) in view of the testimony as to what happened on this occasion; (2) as there was no proof of one essential element of the crime; and (3) as there was no proof that defendant was not the common-law husband of the alleged victim.
This last assignment of error was not briefed on appeal and, therefore, is *725 considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4. The remaining assignments of error will be addressed together because both involve the sufficiency of the evidence.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Evidence is sufficient to support a conviction when any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt the essential elements of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State Ex Rel. Graffagnino v. King, consolidated with State of Louisiana v. Graffagnino, 436 So.2d 559 (La.1983). Further, the role of the fact-finder is to weigh the respective credibilities of the witnesses, and appellate courts will not second-guess the fact-finder’s credibility determinations beyond a sufficiency evaluation under the Jackson standard of review. Graffagnino, supra.
L.S.A.-R.S. 14:42.1 defines forcible rape as:
“... a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.”[2]
The victim testified that on July 5, 1981, Henry Carter and Murphy LeBlanc walked into her house while she was drying her hair by the fan in the front room. She stated that LeBlanc began to fondle her breasts although she told him to leave her alone. He then grabbed her hands and began unbuttoning her blouse. At this point, Carter pulled his and the victim’s jeans and underclothes down and began having sexual intercourse with her. The victim stated that throughout this ordeal, she was hollering and crying while trying to get up.
LeBlanc testified that after he and Carter walked into the victim’s house, they both began to fondle her breasts. Further, he acknowledged that the victim told them to stop. He asserted that Carter told him to hold the victim’s hands and, when he complied, Carter pulled down his and the victim’s pants, and began having sexual intercourse with her. LeBlanc admitted that he held the victim’s hands during the entire time and that she struggled and repeatedly told them to stop.
Emanual Beals, an 11-year old cousin residing in the same house as the victim, testified that he saw LeBlanc holding the victim’s hands and that Carter was on top of her. Further, he recounted that the victim was making a crying noise and was trying to get away. Emanual stated that he told Carter and LeBlanc to stop and, when Lois Bowie called on the phone, he told her that the victim was being raped.
Similarly, Lois Bowie testified that when she phoned the victim that day, Emanual answered, saying the victim was being raped. While Lois and Dorothy Johnese were running down the street toward the victim’s house, they saw Roosevelt Hampton, Jr. After they told him what was happening, he ran ahead and knocked the door in. Lois stated that when she entered the house behind Hampton, Carter was pulling on his pants.
Dorothy Johnese’s testimony is to the same effect. In addition, she testified that the victim was crying and pulling on her pants.
Roosevelt Hampton, Jr. testified that he saw Carter “into” the victim while LeBlanc was holding her down. He further stated that when he hollered, Carter jumped up and pulled his pants up. According to Hampton, the victim was crying and wres *726 tling with Carter and LeBlanc, trying to get loose.
Contrary to the above testimony, the defendant recounted the events of that day as follows. He stated that the victim phoned and invited LeBlanc and him to come over to her house. According to Carter, Le-Blanc went over first and, when Carter got there, the victim and LeBlanc were coming from the back room. He stated that Le-Blanc was buttoning up his clothes. The victim and LeBlanc then sat down on the couch and LeBlanc began to fondle her breasts. When Carter attempted to touch her breasts, the victim told him to stop and he did. As LeBlanc continued to fondle her breasts, Carter once more began to do the same. He stated that LeBlanc then grabbed the victim’s hands and unbuttoned her shirt and pulled down her pants. Carter testified that, at this point, he put his finger into the victim’s vagina but that there was no penile penetration. He stated that he was standing up with his clothes on when Hampton burst through the door. Carter acknowledged that the victim resisted his actions.
From the record, we find that a rational trier of fact could have concluded that Carter did have sexual intercourse with the victim, and that LeBlanc’s physical restraint of the victim prevented her from successfully resisting the attack. As such, the sexual intercourse is deemed to be without her lawful consent. See In Interest of Thomas, 395 So.2d 912 (La.App. 2nd Cir.), writ denied, 399 So.2d 608 (La.1981). Therefore, defendant’s assignments of error are without merit.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. The indictment charged the defendant with committing the offense of "Forcible'Rape" but cited the incorrect statute. However, the record reflects that throughout the trial and on appeal, the defendant was aware of the relevant statute. Since the error in the citation did not mislead the defendant to his prejudice, we find no reversible error. L.S.A.-C.Cr.P. art. 464.

. Rape is defined, in pertinent part, by L.S.A.R.S. 14:41 as:
"... the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person’s lawful consent.
[[Image here]]